UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WALTER MURPHY, | |
| Petitioner, | |
| v. | CAUSE NO. 3:19-CV-583-MGG |
| WARDEN, | |
| Respondent. | |

## OPINION AND ORDER

Walter Murphy, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for attempted robbery and attempted murder under Case No. 48C01-7510-CF-200. During post-conviction proceedings, on February 9, 2004, the Madison Circuit Court resentenced Murphy as a habitual offender to eighty years of incarceration.

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct unless they are rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Court of Appeals of Indiana summarized the evidence presented at trial:

> The facts in the light most favorable to the verdict reveal that Murphy entered a store, pointed a revolver at the cashier, and accounted that "this is a stick up." Murphy became "madder" and "more violent" when the cashier could not open the register. The husband of the cashier, who was behind Murphy, drew his handgun, pointed it at Murphy, and shouted. Murphy turned and aimed his revolved at the husband. Murphy's hand tightened around the revolver, and the cylinder of the revolver began to turn. The husband fired, striking Murphy in the chest.

ECF 9-5 at 2.

On June 19, 1997, the Court of Appeals of Indiana affirmed the conviction on direct appeal, and Murphy did not file a petition to transfer to the Indiana Supreme Court. ECF 9-2. On May 6, 2005, the Madison Circuit Court resentenced Murphy as a result of the post-conviction proceedings. ECF 9-6. On October 5, 2005, the Court of Appeals of Indiana dismissed the appeal of the lower court's decision, and Murphy did not file a petition to transfer to the Indiana Supreme Court. ECF 9-7 at 6.

On August 1, 2019, Murphy filed the petition initiating this habeas case. ECF 1. In the petition, Murphy asserts that he is entitled to habeas relief due to insufficient evidence to support the habitual offender sentence enhancement and because trial counsel and appellate counsel rendered ineffective assistance by failing to challenge the sentence enhancement.

## TIMELINESS

The Warden argues that the petition is untimely. The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Based on review of the record, it appears that limitations period began to run in this case from the date on which the judgment became final pursuant to Section 2254(d)(1)(A). The record is unclear as to when Murphy initiated post-conviction proceedings, but the court will construe the record in the light most favorable to Murphy and assume that he initiated them immediately after his direct appeal. Under these circumstances, the limitations period would have started to run on October 5, 2005 -- the date on which the Court of Appeals of Indiana dismissed his appeal on post-conviction review. The limitations period expired one year later on October 5, 2006. Because Murphy did not file the habeas petition until nearly thirteen years later, it is untimely under Section 2244(d)(1)(A).

Murphy argues that the untimely nature of the petition should be excused under the equitable tolling doctrine because the public defender did not advise him of the

federal limitations period and due to institutional lockdowns. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010). Petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Whether to apply equitable tolling to a particular case is a matter for the court's discretion. *Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). "Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter*, 840 F.3d at 870.

To start, a public defender's failure to advise Murphy of the federal limitations period amounts to, at most, "a garden variety claim of excusable neglect" that does not amount to an extraordinary circumstance that warrants equitable tolling. *See Holland v. Fla.*, 560 U.S. 631, 651–52 (2010). Murphy maintains that counsel's failure to challenge the habitual offender enhancement at trial and on direct appeal constitutes an extraordinary circumstance, but he does not explain how this alleged failure prevented him filing a timelier habeas petition. Similarly, while lockdowns may have impeded his access to the courts to some degree, Murphy does not provide specific details about how they prevented him filing a habeas petition by October 5, 2006 -- the date the limitations period expired -- or the thirteen years that followed. Murphy also asserts that the docket sheets filed by the Warden demonstrate his reasonable diligence in

4

challenging his sentence, but, according to the docket sheets, Murphy contacted the State courts a total of four times since the termination of his post-conviction proceedings in October 2005. ECF 9-1, ECF 9-2, ECF 9-6, ECF 9-7. The court cannot find that four filings over fourteen years constitute reasonably diligent efforts to challenge his sentence.

In sum, Murphy has not demonstrated an extraordinary circumstance that prevented him from timely filing nor has he demonstrated reasonable diligence in pursuing his rights. Therefore, the court declines to excuse the untimely nature of the petition with equitable tolling and denies the petition as untimely.

## CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, so there is no basis for encouraging Murphy to proceed further in federal court.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) because the claims are untimely;

5

(2) DENIES Walter Murphy, a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED this August 6, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

6